UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Oscar Lee Sykes, Jr., #310285, *former # 138335*, | ) C/A No.: 4:08-4157-RBH-TER ) ) |
| Plaintiff, | ) ) |
| vs. | ) Report and Recommendation ) |
| Melanie Huggins in her individual and .... official capacity, | ) ) ) |
| Defendant. | ) ) |

The Plaintiff, Oscar Lee Sykes, Jr. (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names Horry County Clerk of Court, Melanie Huggins as the sole Defendant.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

In the above-captioned matter, plaintiff alleges he mailed an "original notice and motion for the grand jury 'bill of particulars' on the dates of December 2, 2008, [and] Dec[ember] 11, 2008, for filing and processing with State of South Carolina.....in which Horry County, Clerk of Court Melanie Huggins

faild (sic) to return redress or copies of the plaintiff (sic) notice and motions of grand jury bill of particulars, to his person with her time punched clock stamp upon them, of processing and filing, therefore abridging the plaintiff from accessing the court.....[and] depriving [him] of his fifth, and fourteenth amendment rights...."

Plaintiff further alleges that he was "kidnapped by the people of the State of South Carolina" and he maintains this was done "with out a (sic) affidavit or warrant or indictment for this charge being submitted before a legally constituted, and impartial grand jury". He states he has filed an application for post-conviction relief (PCR) in the Horry County Court of Common Pleas.

In his prayer for relief the plaintiff asks for damages, for a trial by jury, "to be trialed (sic) on all issues that are trialable (sic) by the court", "to be awarded the defendants bond", for a declaratory "statement", for costs, and for "any and all other relief [the court] deems to be just, proper and equitable."

Plaintiff is asking for a "clocked" copy, or acknowledgment of receipt, of his motion for the grand jury "bill of particulars" pertaining to his criminal case. Plaintiff has previously filed another case in this District against this defendant, claiming the defendant failed to acknowledge the filing of his PCR. *See Sykes v. Huggins*, Civil Action No. 4:08-3937 (D.S.C. 2008). The above-captioned case is subject to summary dismissal for the same reasons the complaint filed in Civil Action No. 4:08-3937 was subject to summary dismissal. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970), where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, *supra*, 425 F.2d at 1296. *See also United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

In the above-captioned matter, as in plaintiff's prior complaint, plaintiff does *not* claim that the defendant actually refused to file the papers and/or that the defendant refused to assign case numbers to the lawsuits.[3]  Plaintiff does not appear to know whether the "lawsuits" in question are, in fact, pending.  As Plaintiff's claims rest on mere speculation or conjecture at this time, his allegations are insufficient to state a violation of Plaintiff's constitutional rights under § 1983.  *See U.S. v. Banks*, 370 F.2d 141, 145 (4th Cir. 1966)(finding speculative claim insufficient to support a finding of actual prejudice in case alleging constitutional violation based on failure to provide a speedy trial).

It is well established that to state a constitutional claim for denial of meaningful access to the courts an inmate must allege specific injury resulting from the alleged denial.  *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" such that his non-frivolous legal claim had been frustrated or was being impeded).  The Plaintiff must make specific allegations as to the actual injury sustained.  *See Cochran v. Morris*, 73 F. 3d 1310, 1317 (4th Cir. 1996) (finding that the Plaintiff's complaint was deficient because he failed to assert any actual injury resulting from prison officials' conduct); *Strickler v. Waters*, 989 F.2d 1375,1384 (4th Cir. 1993).  Liberally construed, the Plaintiff does not allege any specific facts as to how his motion, presumably filed in the Horry County Court of Common Pleas, has been adversely affected, frustrated, or impeded due to the Plaintiff not receiving, by mail, confirmation of filing.  Therefore, the Plaintiff has failed to state a cognizable claim.

Additionally, the case law is clear that although an indigent litigant is entitled to file a civil rights action or petition for a writ of habeas corpus without payment of the filing fee under 28 U.S.C.

---

[3]  A "public index search" of Horry County's court records reveals that a plaintiff named Oscar Lee Sykes has filed four recent cases with the Horry County Court of Common Pleas: Case No. 2008CP2609502, filed November 20, 2008; Case No. 2008CP2609682, filed November 26, 2008; Case No. 2008CP2609989, filed on December 11, 2008; and Case No. 2009CP2600631 filed on January 23, 2009.  *See* http://www.horrycounty.org.

§ 1915, that statute does not mean that the costs incurred by an "*in forma pauperis*" plaintiff or petitioner are underwritten or waived. *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D.Pa. 1991).

### RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74.

It is further recommended that the dismissal of this case be deemed a strike pursuant to 28 U.S.C. § 1915(e)(2) and (g). These provisions require an inmate to pay the filing fee for his case in advance after he has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id. The undersigned concludes that this action fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2) and (g) and should be deemed a strike under this statute.

|  |  |
|---|---|
| February 11, 2009<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).